IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE LEE BROWN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1481-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Willie Lee Brown, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of aggravated robbery and evading arrest. Punishment, enhanced by two prior felony convictions, was assessed at 25 years confinement in the aggravated robbery case and 20 years confinement in the evading arrest case. Both convictions were affirmed on direct appeal. *Brown v. State*, Nos. 05-04-00371-CR & 05-04-00372-CR, 2005 WL 172356 (Tex. App.-- Dallas, Jan. 27, 2005, no pet.). Petitioner also filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Brown*, No. 63,684-02 (Tex. Crim. App. Mar. 1, 2006). The second application was dismissed for abuse of the writ. *Ex parte Brown*, No. 63,684-04 (Tex. Crim. App. Aug. 30, 2006). Petitioner then filed this action in federal district court.

II.

Although his pleadings are difficult to decipher, petitioner appears to challenge his convictions on two broad grounds: (1) he received ineffective assistance of counsel; and (2) his sentence for evading arrest, as announced by the judge in open court, exceeded the statutory maximum punishment for the offense.[1]

A.

Petitioner contends that he received ineffective assistance of counsel because his attorney: (1) failed to object to lay opinion testimony given by two police officers that the knife used in the robbery was a deadly weapon; (2) did not fully cross-examine the robbery victim; (3) failed to object to the presence of a knife in the courtroom during trial; and (4) did not object to the admission of hearsay testimony. The court will address these claims in turn.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of

---

[1] After respondent filed an answer, petitioner filed a "traverse" with three additional grounds for relief: (1) the aggravated robbery statute, Tex. Penal Code Ann. § 29.03, is unconstitutional; (2) the indictment was defective; and (3) the evidence was insufficient to support his conviction. The court declines to consider these claims because petitioner neither sought nor obtained permission to amend his pleadings. *See* FED. R. CIV. P. 15(a) (party may amend pleading only by leave of court or by written consent of the adverse party). Even if these new claims were properly before the court, they are either unexhausted or procedurally barred. To the extent petitioner asks the court to consider all claims raised by him on direct appeal or state collateral review, he "may not simply incorporate by reference claims previously asserted." *Cox v. Angelone*, 997 F.Supp. 740, 746 (E.D. Va. 1998) (citing cases).

reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2.

Petitioner criticizes his attorney for failing to object to the testimony of Dallas Police Officers Keith Harner and Jesse Resendez, both of whom described the knife used in the robbery as a deadly weapon. (*See* SF-III at 23, 49). According to petitioner, neither witness was offered as an expert or qualified to give opinions on knives or deadly weaponry.

The court initially observes that, under Texas law, expert testimony is not necessary to establish that a knife was used as a deadly weapon. *See Jones v. State*, 843 S.W.2d 92, 99 (Tex. App.--Dallas 1992, pet. ref'd) (lay witness may testify to knife's deadly character); *Pedro v. State*, No. 01-88-00197-CR, 1988 WL 139708 at *3 (Tex. App.--Houston [1st Dist.], Dec. 22, 1988, no pet.) (same). Moreover, even if counsel had grounds to object to the testimony of the police officers, petitioner was not prejudiced thereby. Earlier in the trial, Kay Wood, the robbery victim, testified that petitioner pointed a knife directly at her midriff as he took her money and cell phone. (SF-II at 125-26). Wood described the weapon as having a five-inch blade and demonstrated for the jury how petitioner held the knife to her stomach. (*Id.* at 135-36). When asked by the prosecutor how she felt during the robbery, Wood responded, "Oh, man, I was terrified." (*Id.* at 125). In light of this testimony, it is unlikely that the lay opinions offered by Harner and Resendez had any impact on the outcome of petitioner's trial.

In an apparent attempt to establish prejudice, petitioner argues that he "had not stabbed, cut, killed or threatened" the robbery victim. (*See* Interrog. #4(c)). However, physical harm to the victim is not an element of aggravated robbery under Texas law. Rather, a person commits the offense of aggravated robbery if he uses or exhibits a deadly weapon during the commission of a robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2007). A deadly weapon is defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily

injury," or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B). Although a knife is not a deadly weapon *per se*, it may be a deadly weapon if used in a manner that is capable of causing death or serious bodily injury. *See McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (objects, such as knives, used to threaten deadly force are deadly weapons). Among the factors relevant to such a determination are: (1) the size, shape, and sharpness of the knife; (2) the manner of its use or intended use; (3) its capacity to produce death or serious bodily injury; and (4) testimony regarding the knife's life-threatening capabilities. *See Brown v. State*, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986); *Nickerson v. State*, 69 S.W.3d 661, 670 (Tex. App.--Waco 2002, pet. ref'd). The testimony of Kay Wood, standing alone, was more than enough to persuade the jury that petitioner used the knife as a deadly weapon during the commission of a robbery. Consequently, petitioner was not prejudiced by counsel's failure to object to the testimony of Harner and Resendez.

3.

Petitioner also complains that his attorney failed to cross-examine Wood about his conduct during the robbery. In particular, petitioner suggests that his lawyer should have inquired: (1) whether petitioner handed Wood another set of keys and an envelope from the glove compartment before attempting to steal her car; and (2) why Wood felt that her life was in danger. Had counsel asked these questions, petitioner believes the jury would have acquitted him of aggravated robbery.

The record shows that defense counsel fully cross-examined Wood at trial. In an attempt to show that petitioner never intended to harm Wood during the robbery, counsel asked:

> Q: And at some point do I understand that you asked him to get an envelope that had papers for your car in that?
>
> A: Yes.

> Q: And he did that for you, right?
>
> A: Yes.
>
> Q: And did he bring it back and just hand you the envelope? Is that what he did?
>
> A: Yes.
>
> Q: And did you explain to him why you needed the other keys or just let me have some back some of the keys that don't go to the car?
>
> A: No, I didn't explain it.
>
> Q: Okay.
>
> A: I just said I really needed my keys.
>
> Q: And do I understand you, did he place those keys in your hand or he threw those off in the grass?
>
> A: He threw them over the top of the car when he was in the car.

(SF-II at 138-39). Counsel also asked Wood whether petitioner verbally threatened to injure or kill her during the robbery. Wood admitted that no verbal threats were made. (*Id.* at 141). Despite this thorough cross-examination, the jury implicitly found that petitioner used a knife in a manner that is capable of causing death or serious bodily injury. As previously discussed, the evidence was more than sufficient to support that finding. Petitioner has failed to show that his conviction was the result of any deficiencies in the questioning of Kay Wood by his attorney.

4.

Elsewhere in his pleadings, petitioner argues that his defense counsel: (1) failed to object to the presence of a knife in the courtroom during trial; and (2) did not object to the testimony of Harner and Resendez on hearsay grounds. Respondent counters that both claims are procedurally barred from federal habeas review.

a.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Under Texas law, a prisoner is barred from filing a second or successive application for post-conviction relief if the grounds contained therein could have been, but were not, raised in an earlier application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon 2006).[2] This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

b.

Although petitioner raised an ineffective assistance of counsel claim in his state writ, he did not seek post-conviction relief on the grounds that his attorney failed to object to the presence of a

---

[2] The statute provides, in relevant part, that:

> (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

knife in the courtroom. Nor did petitioner argue that the testimony of Harner and Resendez was hearsay. *See Ex parte Brown*, No. 63,684-02 at 10-11. No explanation is offered to excuse this procedural default.[3] Because petitioner would likely be barred from presenting these claims in a successive state writ of habeas corpus, federal habeas relief is not proper. *See Coleman*, 111 S.Ct. at 2557 n.1; *Hughes v. Dretke*, 412 F.3d 582, 595 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1347 (2006).

C.

Finally, petitioner contends that his sentence for evading arrest is illegal because the trial judge orally imposed a 25-year sentence, when the statutory maximum punishment for the offense is 20 years confinement. This claim was fully considered and rejected on direct appeal. As the state appeals court noted:

> A sentence that exceeds the punishment range is void and cannot be enforced. However, the written judgment reflects a sentence of twenty years' confinement. Appellant is not currently serving a twenty-five year sentence; rather, he is serving the twenty-year sentence assessed in the written judgment. Thus, the judge's error arises not from the imposition of a void sentence, but from the variance between the oral pronouncement of sentence and the court's written judgment. Under such circumstances, we reverse only if the variance affected appellant's substantial rights.

*Brown*, 2005 WL 172356 at *4 (internal citations omitted). The state court went on to hold that petitioner was not harmed by the variance between the oral pronouncement of his sentence and the written judgment because he is serving a 20-year sentence for evading arrest concurrently with a 25-year sentence for aggravated robbery. *Id.* Petitioner offers nothing to rebut that finding. This ground for relief should be overruled.

---

[3] Petitioner argues that the procedural bar doctrine does not apply to him because: (1) his state writ was decided by a "postcard," not an order; and (2) his appeal was decided by an "opinion," instead of a judgment. These arguments are nonsensical and not supported by the record.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE